J. W. BUTLER PAPER COMPANY v. SCARFF & O'CONNOR ET AL.

Decided June 1, 1907.

Garnishment—Intervention—Notice—Certiorari.

B., a judgment creditor of M. sued out a writ of garnishment to S., a nonresident of the county from which the garnishment issued; S. answered admitting a small indebtedness and pending the preparation and filing by B. of the papers in the county in which S. resided for the purpose of contesting said answer, A. was permitted by the court in which the garnishment was pending to intervene in the garnishment proceedings without notice to either the judgment creditor or the garnishee, and judgment was rendered without notice to said parties in favor of the intervener against both the judgment creditor and the garnishee for the amount which the garnishee admitted in his answer owing the judgment debtor. Held, that while ordinarily parties must take notice of an order of the court permitting an intervention, under the facts of this case the judgment creditor was not guilty of inexcusable neglect in the prosecution of his suit and it was error for the County Court to dismiss his writ of certiorari.

Error from the County Court of Potter County. Tried below before Hon. Sam. R. Merrill.

*Etheridge & Baker* and *H. E. Jackson,* for plaintiff in error.— The court erred in sustaining the general demurrers of the Amarillo Publishing Company, intervener, and in dismissing the writ of certiorari herein, for that, the petition of plaintiff in error for writ of certiorari, set forth good and sufficient reasons in law for the allowance of the writ. Heath v. Jordt, 31 Texas Civ. App., 535; McKensie v. Pitner, 19 Texas, 137; Odom v. Carmona, 11 Texas Civ. App., 675; Darling v. Neill, 15 Texas, 105; Hail v. McGale, 1 W. & W., 852; Norris v. Rhodes, 25 Texas, 627.

No brief for appellees.

SPEER, ASSOCIATE JUSTICE.—This is a garnishment case in which J. W. Butler Paper Company, as a judgment creditor of Mr. and Mrs. R. W. Morgan, garnished Scarff & O'Connor Company. The writ of garnishment was issued out of the Justice Court of precinct No. 1 in Potter County and served upon the garnishee in Dallas County, the county of its domicile. The garnishee made no answer until the statutory commission had been issued and placed in the

hands of a notary public, when it answered showing an indebtedness to Mrs. Morgan in the sum of $122.01, disclaiming any indebtedness to Mr. Morgan and reserving the right to have all issues contested in the county of its domicile. The attorneys for the Butler Paper Company returned the notary's commission and garnishee's answer to the justice of the peace, at the same time calling his attention to so much of the answer as reserved the right to have all issues tried in its home county, and requesting either that they be allowed to make copies of the original papers, or that the justice forward them at his earliest convenience for filing in Dallas County. On September 20, 1905, the justice wrote in reply that he would send them the copies as soon as he possibly could. The papers not having reached attorneys for the plaintiff on October 10, they wrote the justice of the peace inquiring the reason for the delay, and in reply received a letter from the attorneys of the Amarillo Publishing Company stating that that company had intervened in the cause, claiming the funds admitted to be owing by the Scarff & O'Connor Company, and that the court, after hearing the testimony, had rendered a judgment in its favor as against the Scarff & O'Connor Company. Neither of the original parties to the suit nor their attorneys had any notice of such intervention prior to the receipt of this letter. The record disclosed that the intervener took judgment by default on October 3, 1905, against both the Butler Paper Company and the Scarff & O'Connor Company for the sum of $122.01. On October 18, 1905, the Butler Paper Company made its application to the County Judge for a writ of certiorari to the Justice Court and the writ was granted. But upon the return day the County Court sustained the general and special demurrers of intervener and dismissed the writ, from which judgment the plaintiff has appealed.

In dismissing plaintiff in error's writ of certiorari the trial court committed error, for which his judgment must be reversed. Whether it be true or not that plaintiff in error was required to take notice of the plea of intervention of the Amarillo Publishing Company, which point we find it unnecessary to decide, we think its petition showed that an injustice had been done it by the judgment of the justice of the peace, and that such injustice was not caused by its own inexcusable neglect. While it perhaps would have been more regular for plaintiff in error to have filed its controverting affidavit in the Justice Court rather than in the County Court, where it was filed after the granting of the writ of certiorari, yet the whole record indicates very clearly that both plaintiff in error and the garnishee understood that all further proceedings in the case were to be had in Dallas County and plaintiff in error appears to have been diligent enough in preparing for such contest, relying especially on the justice's promise to send the necessary copies of the papers in the case. It had no actual notice and no reason to suspect that judgment would be rendered in favor of an intervener under the circumstances. The application further shows, though this was not indispensable, that plaintiff in error never learned of the rendition of the judgment in favor of the intervener in time to appeal from

said judgment.  We have thus far not stressed the fact that the judgment in favor of the Amarillo Publishing Company was against plaintiff in error as well as garnishee, the Scarff & O'Connor Company.  We are unable to see upon what theory such judgment should have been rendered against plaintiff in error.  In any view of the case the writ of certiorari should not have been dismissed. and for the error of the court in dismissing it the judgment is reversed and the cause remanded for trial on the merits.

*Reversed and remanded.*